# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL PEREZ, individually and as successor-in-interest to Sonia Angelita Castaneda Montoya, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; CITY OF POMONA; JAIME MARTINEZ, an individual; JOSE CISNEROS, an individual; and DOES ONE through THIRTY, inclusive, <br><br> Defendants. | CASE NO. 2:15-cv-00178-CAS(Ex) <br> *[Assigned to Judge Christina A. Snyder, Courtroom 5]* <br><br> [~~PROPOSED~~] PROTECTIVE ORDER FOR DOCUMENTS AND INFORMATION DISCLOSED DURING DISCOVERY <br><br> Complaint Filed: 1/8/15 <br><br> Trial: 5/24/16 |

The parties' Stipulation and [Proposed] Protective Order have come before this Court. The Court hereby grants the parties' Stipulation Regarding Protective Order for Documents and Information Disclosed During Discovery.

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19376

1

[~~PROPOSED~~] PROTECTIVE ORDER

Accordingly, IT IS HEREBY ORDERED that pursuant to Federal Rules of Civil Procedure Rule 26(c), a protective order is issued precluding publication and limiting the use of the following documents and information which contain confidential and privileged information:

(a) Any information or documents contained in the personnel file or employment records of any sworn peace officer employed by the County of Los Angeles. Such documents include, but are not limited to, complaints regarding use of force, use of force, other types of complaints, internal investigations, disciplinary history, employee training records; and

(b) Information contained in the investigation reports related to the arrest, detention, or criminal history of persons other than Plaintiff, which is confidential and protected from disclosure under California state law.

(c) Operations plan contained in homicide file related to subject incident that occurred on March 16, 2013.

1.  Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the production of documents and information responsive to the discovery requests of Plaintiffs and to balance the privacy interests and protection of information afforded to law enforcement officers in the state of California (including Investigator Jose Cisneros) that Defendants contend is statutorily deemed confidential and protected by California Evidence Code section 1040 *et seq.*, the official information privilege (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)), California Penal Code section 832.5 *et seq.*, and California Evidence Code sections 1043 and 1045, and the right to privacy as guaranteed by the United States Constitution. *See, e.g.*, *Hogan v. Robinson*, No. CV F 03 6408 AWI LJO, 2006 WL 1049979, at *5 (E.D. Cal. Apr. 20, 2006); *Brooks v. Cnty. of San Joaquin*, 275 F.R.D. 528, 534 (E.D. Cal. 2011). Good cause further exists because if this confidential information were made public in this proceeding, it could allow for misuse of the peace officer personnel information and other official

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19376

2

[~~PROPOSED~~] PROTECTIVE ORDER

1 information in other judicial and administrative proceedings. Additionally, all named defendants are currently active peace officers, some or all of whom regularly work in the field and may be assigned to duties involving the gang activity, narcotics, and organized crime; therefore, if this confidential information were made public, the information could be misused in ways that endanger the lives of the officers and their families and/or interfere with their law enforcement duties.

2. The information and/or documentation identified above that are the subject of this stipulation will be referred to collectively as the "CONFIDENTIAL INFORMATION." The parties and their respective counsel hereby stipulate that the CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

    a. CONFIDENTIAL INFORMATION shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. **Further, Plaintiff's counsel is expressly prohibited from disclosing any CONFIDENTIAL INFORMATION (either the documents or deposition testimony themselves, or any information contained therein) to either Plaintiff Cheryl Perez or any attorney representing Plaintiff in any other litigation besides this one.**

    b. CONFIDENTIAL INFORMATION produced in this action may be designated by Defendants by marking each page of the document(s) with a stamp stating "CONFIDENTIAL". Should Plaintiff seek any CONFIDENTIAL INFORMATION from sources other than through Defendant's counsel, Plaintiff must provide Defendants with written notice of their intent to do so no later than ten days prior to seeking such documents. This notice shall include the name, address, and telephone number of the person or entity from

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19376

3

[~~PROPOSED~~] PROTECTIVE ORDER

whom Plaintiff seeks such CONFIDENTIAL INFORMATION, and a detailed description of any documents or information sought. Should the CONFIDENTIAL INFORMATION be sought through a subpoena, timely service of the subpoena itself on Defendants' counsel shall constitute sufficient written notice. Plaintiff agrees that the first review of documents or information obtained in this manner shall be in the joint presence of both Plaintiff's counsel and Defendants' counsel, and that Defendants may mark the documents and/or testimony as "CONFIDENTIAL" in accordance with the procedures outlined herein. This subsection does not modify or alter any requirements under the Local Rules or the Federal Rules of Civil Procedure, or preclude Defendants from seeking a protective order prior to the production of any CONFIDENTIAL INFORMATION.

c. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

d. At any time after receipt of documents labeled "CONFIDENTIAL," Plaintiff may provide Defendants with a written objection to the classification of specific documents as "CONFIDENTIAL" and the basis for Plaintiff's objection. Upon receipt of such written objection, the Defendants shall provide a written response to Plaintiff within three business days. If the Defendants do not agree with the position of Plaintiff, the Plaintiff shall have the option of

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111
19376

proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of Local 37 *et seq.* prior to the filing of any such motion. The Defendants shall bear the burden of establishing the confidential nature of the disputed documents.

e. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court.

f. Defendants reserve all evidentiary objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client privilege and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring a protective order before the Court.

g. Plaintiff reserves all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery.

h. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(i) below.

i. CONFIDENTIAL INFORMATION may only be disclosed to the following persons:

Case 2:15-cv-00178-CAS-E   Document 31   Filed 11/09/15   Page 6 of 8   Page ID #:159
Case 2:15-cv-00178-CAS-E   Document 30-1   Filed 11/09/15   Page 6 of 8   Page ID #:151

      i. Counsel for Plaintiff in this litigation only.

      ii. City of Pomona and counsel for City of Pomona in this litigation only.

      iii. Paralegal, law clerk, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in paragraph 2(i)(i) above.

      iv. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action.

      v. Any expert or consultant retained in the instant case.

      vi. Any individual approved by the Court.

j. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including the print, radio, television, or any other media.

k. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website.

l. If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and requested to be filed under seal in accordance with Local Rule 79-5.

m. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to redaction and/or filing documents under seal.

n. Nothing in paragraph 2(e) is intended to prevent authorized government officials for the County of Los Angeles from having access to the documents if they had access in the normal course of

6

[PROPOSED] PROTECTIVE ORDER

their job duties.

3. Plaintiff, Plaintiff's counsel, Defendants, and Defendants' counsel shall cause the substance of this Protective Order to be communicated to each person to whom CONFIDENTIAL INFORMATION is revealed and/or disseminated and shall obtain agreement to abide by the Protective Order from each such person.

4. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for Defendants. This case shall be completed when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded. The provisions of this Order shall be in effect until further order of this Court.

5. Any counsel, expert, or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION or the information contained therein in to any other persons or entities for any reason, nor in any other court proceeding subject to further order of this Court.

6. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

7. For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then,

///
///
///
///

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19376

7

[~~PROPOSED~~] PROTECTIVE ORDER

1  absent consent, by application to this Court.

2  **IT IS SO ORDERED.**

4  DATED: 11/9/15

Honorable ~~Christina A. Snyder~~ CHARLES F. EICK
~~Judge of the United States District Court~~
UNITED STATES MAGISTRATE JUDGE

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

19376

8

[~~PROPOSED~~] PROTECTIVE ORDER